Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James T. Moody | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5614 | **DATE** | 1/10/2002 |
| **CASE TITLE** | Burton vs. Sheahan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Since Burton has not shown sufficient reason to alter the judgment previously entered in this action, plaintiff's Rule 59 motion, filed 6/5/01, (59-1) is hereby denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | JAN 23 2002 | 34 | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | 02 JAN 22 AM 9:13 | 1/18/2002 | | |
| | | | date mailed notice | | |
| GL | courtroom deputy's initials | FILED 01 03-0371J | GL | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

FREDERICK BURTON, )
)
Plaintiff, )
)
v. ) No. 98 C 5614
)
MICHAEL SHEAHAN, )
Sheriff of Cook County, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

On May 16, 2001, this court granted Sheahan's motion for summary judgment. Six days later, a final judgment was entered accordingly. On June 5, 2001, Burton timely filed the instant motion, pursuant to FED.R.CIV.P. 59(e), which permits a court to "alter or amend a judgment." For the reasons that follow, the court **DENIES** Burton's Rule 59 motion.

Sheahan hired Burton as a correctional officer with the Cook County Department of Corrections. After approximately eighteen months of employment, Sheahan accused Burton of unauthorized use of a Cook County Jail computer terminal, a charge Burton denies.

On September 7, 1995, Burton was given a preliminary hearing on the charge before a three-member panel. This panel sustained the charge against Burton, but suggested that he remain employed, with pay, pending his final hearing before the Merit Board.[1] Sheahan did not heed the panel's recommendation. Instead, Burton was suspended without pay. Although the Merit Board initially set the hearing date for October 25, 1995, Burton's hearing did not materialize until October 23, 1996 (and November 12, 1996) – more than a year after Sheahan

---

[1] "[N]o employee in the County Department of Corrections shall be removed, demoted or suspended except for cause, upon written charges filed with the Board by the Sheriff and a hearing before the [Merit] Board." 55 ILL. COMP. STAT. 5/3-7012 (2001).

decided to proceed against Burton. On March 17, 1997, eighteen months after initially filing the charges, the Merit Board handed down its decision. The Board ruled, essentially, that Burton's use of the computer terminal was unauthorized, but inadvertent. The Board ordered that Burton be "suspended from employment for a period of 120 days." The ruling is silent on when the suspension should be served or how to treat the pre-hearing suspension period. Although the record is not entirely clear, Sheahan apparently allowed Burton to return to his post immediately after the Board's ruling. It seems Sheahan was operating under the assumption that Burton's pre-hearing suspension was sufficient punishment. Burton then sought back pay for the approximately fourteen-month period during which he was suspended.

Burton pursued his back pay remedy in federal court by filing an action pursuant to 42 U.S.C. § 1983, claiming he was deprived of property without due process of law. As this court mentioned in its order granting summary judgment to Sheahan, "[t]he sole question before this court is . . . whether Burton was provided an adequate procedural mechanism for challenging the deprivation of property – in this case, his salary for the fourteen-month period at issue." (Summary J. Order at 6.) Since this court found that Burton had sufficient procedural devices available to him, Sheahan was awarded judgment as a matter of law.

Now, Burton claims this court made an incorrect legal conclusion, and as a result, Sheahan is not entitled to judgment as a matter of law. In support of his position, Burton provides the court with a copy of an order from the Merit Board issued in the case of another correctional officer, Evelyn Brown, which states in pertinent part that "[t]he calculation of back pay in not within the duties of the Merit Board." (*See* Pl. Rule 59 Mot. Attachment [hereinafter "Evelyn Brown Order"]) According to Burton, the Merit Board could not order Sheahan to give him back pay, and therefore no procedural device was available.

2

Burton's logic fails for two reasons. First, even though the Merit Board purportedly has no authority to *calculate* back pay; it does not necessarily follow that the Merit Board has no power to *award* back pay. The Evelyn Brown Order confirms this flaw in Burton's logic. The Evelyn Brown Order provides "that all other rights, benefits and *back pay* to which the Respondent is *entitled are to be reinstated*." (Emphasis added) This language leads the court to conclude that the Merit Board does indeed have the power to award back pay. Second, even if the Merit Board could not award back pay to Burton, other avenues of redress were available within the confines of the Illinois court system. This court cited three examples of such procedural devices in its summary judgment order (*see* pages 12-13).

Since Burton has not shown sufficient reason to alter the judgment previously entered in this action, "Plaintiff's Rule 59 Motion," filed June 5, 2001, is hereby **DENIED**.

**SO ORDERED.**

Enter: January __10__, 2002

JUDGE, UNITED STATES DISTRICT COURT